**LONGO, Plaintiff-Appelllant, v. TABASSO et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22125.    Decided April 30, 1951.

Morris Morgenstern, Bernard B. Direnfeld, Cleveland, for plaintiff-appellant.

Harry F. Glick, Cleveland, for defendant-appellees.

(DOYLE, J, of the 9th District, sitting by designation.)

### OPINION

By SKEEL, PJ.

The plaintiff, with a friend, went into defendants' cafe for a drink. They had just seated themselves at the bar when his friend, Vitous, was assaulted by Anthony Tabasso, who it was claimed, acted as a bouncer in the cafe. The plaintiff

tried to separate the two men when Tabasso stabbed him with a knife.

Plaintiff's action is set forth in two causes of action.

1. That Tabasso while acting as an employee of the defendant and in the course of his employment, assaulted plaintiff with a knife causing serious physical injury.

The evidence on this cause of action is that Tabasso had on many occasions served drinks, made change, kept order and by his dress (shirt sleeves and bedroom slippers) seemed to be and acted as one engaged in carrying on the business with the knowledge and consent of the defendant.

At the time in question, the plaintiff and his friend, Vitous, came into the saloon, went to the bar and had been there but a very short time when Tabasso came out of the rear room and at once assaulted Vitous. Defendant was not there, but his wife and daughter came out from behind the bar and implored Tabasso to stop, that plaintiff stepped in as the "peacemaker" whereupon Tabasso pulled out a pocket knife and stabbed him.

There is no evidence that at the time of the affray Tabasso was doing anything in furtherance of the defendant's business. His acts, so far as the evidence shows, were his own and wholly disassociated from his work.

The first cause of action was therefore properly dismissed at the end of plaintiff's case.

The second cause of action is founded upon the claim that the defendant was negligent in harboring a man of dangerous propensities in his cafe and that such negligence, together with the failure in the exercise of ordinary care to protect plaintiff from the unlawful conduct of such dangerous person, was the proximate cause of plaintiff's injuries.

The evidence fails to establish that Tabasso was a man of violent physically agressive or disorderly propensities, to the knowledge of defendant. The plaintiff tried to introduce Tabasso's police court record. Such record would not be admissible because it related to specific instances of misconduct and did not go to his general reputation for violent and disorderly conduct.

The second cause of action was therefore not sustained by plaintiff's evidence, when considered in its most favorable light, in favor of the plaintiff.

Likewise, there is no evidence in the record that the relationship between plaintiff and Vitous was such as to give plaintiff the legal right to interfere. He voluntarily put himself in a place of danger and must therefore be considered to have assumed the risk.

For the reasons stated the judgment of the trial court must therefore be affirmed. Exc. Order see journal.

HURD, J, DOYLE, J, concur.