**UNITED STATES of America, Appellee,**

v.

**George Henry THORNE, Appellant.**

**No. 76–1732.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1976.

Decided Dec. 27, 1976.

John M. Fincher, Hale, Hendricks, Hoofman & Thurman, North Little Rock, Ark., filed brief for appellant.

W. H. Dillahunty, U. S. Atty., and Sandra Cherry, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before HEANEY and ROSS, Circuit Judges, and VAN PELT, Senior United States District Judge.*

PER CURIAM.

This is an appeal from a sentence imposed on defendant, who had been found guilty by a jury of escaping from custody in violation of Title 18 U.S.C. § 751(a).

One question only is presented by the appeal, namely, whether the trial court erred in refusing defendant the right to cross-examine a prosecution witness about the witness's prior criminal record.

A brief statement of the facts is needed to present the situation which faced the trial court at the time of the ruling assigned as error.

Defendant in 1975 was convicted of an offense under Title 18 U.S.C. § 922(a) and was sentenced to imprisonment for 18 months in the custody of the Attorney General. In turn the Attorney General transferred defendant, after confinement in California and Texas, to the Benton Work Release Center at Benton, Arkansas.

Defendant received a furlough from Benton to leave at 4 o'clock p. m. June 11, 1976 and return by 4 o'clock p. m. June 13, 1976. He did not return and his indictment and conviction followed.

A principal witness against defendant was William Bennett, Director of the Alcohol-Narcotic Rehabilitation Program at the Benton Center. Bennett testified he received a call from the defendant on Sunday, June 13 wanting his furlough extended for another twenty-four hours. Bennett concluded from the conversation and defendant's slurring speech that defendant was intoxicated and he denied the request.

The officer who arrested defendant testified that defendant told him he had been drinking heavily the Sunday he called Bennett; that when Bennett told him he would not give an extension and that he would have to come back to Benton and get another furlough that that angered him and he felt he just would not go back.

Defendant's version was that he asked for a 72-hour extension narrating reasons relating to prospective employment; that Mr. Bennett said: "We do not like to do that. Why don't you come in, and I will try to get you out at 8:00 in the morning." Mr. Thorne said he explained his transportation problem and that it would be impossible to get from Benton to the place of prospective employment in North Little Rock by 8:00 a. m. and as a result of the conversation he was under the impression that if he could not work out his transportation to Benton that it was all right to take a 72-hour extension.

Mr. Bennett had three previous felony convictions. He was convicted in 1952 in New York for second degree grand larceny,

* Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation.

in 1959 in New York for burglary and in 1973 in Denver on a federal charge of interstate transportation of narcotics. When it appeared that defendant would cross-examine Bennett about his criminal record, the court took a recess. Outside the hearing of the jury Bennett's criminal record was developed. Bennett testified that on the 1973 conviction he was sentenced to six months in the "Therapeutic Community" at Fort Worth, Texas, where he actually served 110 days. Following this Bennett returned to Syracuse University where in December, 1973 he received a Master's Degree in guidance and counseling. He then supervised drug programs at Jacksonville and St. Petersburg, Florida, and came to Benton on May 5, 1975 as Supervisor of Custody and Operation. He had no formal document or certificate of rehabilitation but on examination by Judge Harris told the Judge he had been rehabilitated.

After discussion out of the jury's presence in which Judge Harris at one time appeared to reject the rehabilitation contention, the Judge concluded the witness Bennett had been rehabilitated. He ruled that the harm of the cross-examination to the rehabilitation program would outweigh the prejudice to defendant and he denied the right to cross-examine relative to the three felony convictions.

We thus are confronted with application of Rule 609 of the Federal Rules of Evidence, paragraphs (a), (b) and (c) of which Rule read as follows:

(a) *General rule.*—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(b) *Time limit.*—Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

(c) *Effect of pardon, annulment, or certificate of rehabilitation.*—Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

Clearly, under Rule 609(b) the 1952 and 1959 convictions were inadmissible.

Rule 609(a) was the subject of much discussion in the Congress and the Senate and House drafts differed. The Conference Committee proposed the rule above set forth and in discussing the matter said:

With regard to the discretionary standard established by paragraph (1) of rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect *to the defendant.* The danger of prejudice to a witness other than the defendant (such as injury to the witness' reputation in his community) was considered

and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record.

Rep. Hungate, in presenting the report to the House, said in part:

> The rule, in practical effect, means that in a criminal case the prior felony conviction of a prosecution witness may always be used. There can be no prejudicial effect to the defendant if he, the defendant, impeaches the credibility of a prosecution witness. The prior conviction of a defense witness, on the other hand, may have a prejudicial effect to the defendant.

■ The prejudicial effect to the drug program mentioned by the trial court is not grounds for denial of the cross-examination. If this was the only ground for the court's ruling, we would reverse.

■ We are next confronted with whether the trial court's finding of rehabilitation, which was not evidenced by a certificate of any nature, and the evidence thereon was sufficient for the court to exercise its discretion not to permit the cross-examination.

We believe it was. Rule 609(c) is not limited to pardons, annulments or certificates of rehabilitation. It says also: "or other equivalent procedure based on a finding of rehabilitation of the person convicted."

■ The trial judge concluded the witness Bennett had been rehabilitated. We conclude his ruling was not clearly erroneous. We think it a purpose of this and other rules to permit exercise of discretion by the trial court in implementing the purpose of the rules to "the end that truth may be ascertained and proceedings justly determined." Rule 102, Federal Rules of Evidence.

We conclude the ruling of the trial court was correct and we affirm.