617 P.2d 779

The STATE of Arizona, Appellee,

v.

Benny DIXON, Appellant.

No. 2 CA–CR 1948–2.

Court of Appeals of Arizona, Division 2.

July 30, 1980.

Rehearing Denied Sept. 10, 1980.

Review Denied Sept. 30, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jack Roberts, Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was found guilty by a jury of four counts of unlawful sale of heroin, with two prior convictions and was sentenced to concurrent prison terms of fifteen and three–quarter years on each count, to run consecutively to a ten–year prison term previously imposed.

He contends the trial court erred in (1) failing to grant his motion for a continuance; (2) refusing to give proffered instruction No. 3; (3) denying his motion in limine to preclude his impeachment by prior convictions, and (4) improperly sentencing him under A.R.S. Sec. 13–604(D). He also contends prosecutorial misconduct denied him a fair trial. We affirm.

Although initially represented by Robert Castillo from the Public Defender's Office, appellant filed the following pro se motions: September 26, 1979, he filed a motion to dismiss the indictment; on September 27, 1979, a motion to reconsider the conditions of release, and on September 28, 1979, a motion to proceed in propria persona. On October 9, Mr. Castillo moved to withdraw because of his inability to establish an attorney–client relationship. The case was reassigned to Michael Pollard of the Public Defender's Office and on October 15, 1979, they appeared before Judge Norman Fenton. At that time appellant moved to proceed in propria persona with advisory counsel. The court carefully questioned appellant and, satisfied that appellant knew what he was doing, granted his motion and appointed Mr. Pollard as advisory counsel. The trial court told appellant that he would not be permitted to return to the previous stage when he had waived counsel but could be represented by counsel later if he so desired.

At the calendar review held November 6, appellant represented that he was ready to proceed to trial on the following day. At

trial, appellant and advisory counsel appeared before Judge Alice Truman at which time appellant presented a habeas corpus petition and attempted to reargue the previously denied motion to dismiss the indictment. Both motions were denied. Appellant then moved for a continuance in order to obtain the transcript of a hearing at which an undercover narcotics agent had testified. The trial court denied the motion but ordered that a transcript of that hearing be prepared within twenty–four hours. The prosecutor requested that the court inform appellant that he had no right to hybrid representation at trial. See *State v. Stone*, 122 Ariz. 304, 594 P.2d 558 (App. 1979). Appellant responded by immediately moving to withdraw his waiver of counsel at which time Mr. Pollard was appointed as counsel of record. Mr. Pollard moved for a continuance pleading lack of preparation. He told the court that he had had only two weeks within which to acquaint himself with the file. The prosecutor reminded the court of the prior warning that appellant had received when he began to proceed in propria persona. He also indicated that he had subpoenaed witnesses and requested that the trial court deny the motion to continue. The trial court in denying the continuance stated:

"In reading the comment to Rule 6.1(e) which says: The defendant's right to withdraw a waiver of counsel is unlimited; however, he is not allowed to use late appointment or retention of counsel to disrupt orderly and timely proceeding of his case. Thus, he cannot delay a scheduled proceeding, nor repeat one already held solely because of a change of heart concerning his ability to represent himself.

I think that is exactly what is happening here.

In view of the meaning of the rule and the status of the case, I don't think I properly should allow a continuance, so the motion will be denied."

Appellant contends the following: (1) The court erred in relying on the above comment because although it appears under

the original 1973 rule it was not readopted by the Supreme Court in the 1975 revision; (2) that, in any event, the rule is inapposite; (3) the trial court failed to exercise its discretion, and (4) the court's decision is contrary to Arizona law and a denial of appellant's Sixth Amendment right to effective assistance of counsel, his right to self–representation, and to other constitutional guarantees. We do not agree. Assuming arguendo that the comment is inapplicable, the trial court nevertheless exercised discretion and did not err in denying the continuance. The unlimited right to withdraw a waiver of right to counsel granted by the rule does not give the defendant a right to a continuance by an eleventh–hour request for counsel. Neither the United States Constitution nor Rule 6.1(e) gives a defendant the right to manipulate the proceeding as was attempted here. The right to assistance of counsel, while fundamental, may not be employed as a means of delaying or trifling with the court. *United States v. Fowler*, 605 F.2d 181 (5th Cir. 1979). Furthermore, Mr. Pollard had been involved in the case for approximately two weeks and, as demonstrated by his representation of the defendant at the trial, was well–acquainted with the factual and legal aspects of the case. As stated in *State v. Miller*, 111 Ariz. 321, 529 P.2d 220 (1974), we note that an attorney with unlimited time for preparation and the highest degree of professional skill could not have affected the overwhelming nature of the evidence in this case. Appellant was accused of selling heroin to an undercover agent. His defense was misidentification. In light of the existence of a distinctive injury to his right hand, the loss of parts of some fingers, and the fact that he gave the agent his first name, his defense was completely destroyed.

■ Appellant contends the trial court erred in failing to refuse to give the following instruction:

"The Court instructs you that the defendant is a competent witness in his own behalf, and you have no right to disregard his testimony, merely because he is

the defendant. You are to treat him as any other witness and subject him to same tests, and only the same tests, as are legally applied to other witnesses."

Appellant's authority for this claimed error is the case of *McElroy v. People*, 202 Ill. 473, 66 N.E. 1058 (1903). In *McElroy* the trial court instructed the jury:

"the defendant was permitted to testify in her own behalf, and in doing so became the same as any other witness, her credibility to be tested by and subject to the same tests as are legally applied to any other witness, and in determining the degree of credibility that shall be accorded to her testimony the jury have a right to take into consideration the fact that she is interested in the result of this prosecution, as well as her demeanor and conduct upon the stand; and the jury are also to take into consideration the fact, if such be the fact, she has been contradicted by other witnesses." 66 N.E. at 1060.

Also in *McElroy*, the defendant had requested the trial court to also give the following instruction:

"The defendant is a competent witness in her own behalf, and you have no right to discredit her testimony from caprice, nor merely because she is the defendant. You are to treat her the same as any other witness, and subject her to the same tests, and only the same tests, as are legally applied to other witnesses; and while you have the right to take into consideration the interest she may have in the result of this trial, you have also the right, and it is your duty, to take into consideration the fact, if such is the fact, that she has been corroborated by other credible evidence." 66 N.E. at 1060.

■ The Illinois appellate court held that the trial court erred in not giving the instruction requested by the defendant because:

"If the jury had the right, as they undoubtedly did, to consider whether she had been contradicted by other witnesses in giving weight to her evidence, why, in common justice, was she not entitled to have the jury told to take into considera-

tion the fact, if such was the fact, that she had been corroborated by other credible evidence?" 66 N.E. at 1060.

It is evident that *McElroy* does not support appellant's position that his instruction must be given. The trial court here gave an instruction on the testimony of witnesses which applies to all of the witnesses in the case, including appellant. Contrary to appellant's contention, there is no constitutional requirement that his instruction be given. The fact that the defendant is a competent witness in his own behalf is true as a proposition of law but does not require a specific instruction to that effect.

■ Appellant also alleges that the prosecutor was guilty of misconduct in his questioning of appellant and in his final argument to the jury. Appellant objected during his cross–examination but did not object to the other instances. He waited until the jury retired to move for a mistrial. The trial court denied his motion. Where the defendant makes no objection to certain instances of alleged prosecutorial misconduct during closing argument and the error is not fundamental, the right to have those matters reviewed on appeal is waived. *State v. Stoneman*, 115 Ariz. 594, 566 P.2d 1340 (1977). The misconduct in question did not involve fundamental error.

■ Appellant never moved for a mistrial based upon the prosecutor's alleged misconduct during cross–examination.[1] Appellant therefore cannot contend that the trial court erroneously failed to grant his motion for mistrial.

■ Prior to commencement of the trial on the afternoon of November 7, defense counsel represented to the court that appellant intended to testify and moved to exclude evidence of appellant's prior convictions for burglary and theft in 1968 and possession of heroin for sale in 1979. After hearing arguments of counsel, the trial court took the motion under advisement. Appellant had nearly completed his testimony on direct examination when the court ruled that the probative value of the prior

convictions outweighed their prejudicial effect and that they were admissible under Rule 609(a), Arizona Rules of Evidence. Appellant contends that the prosecutor failed to sustain his burden of persuasion as set forth in *State v. Cross*, 123 Ariz. 494, 600 P.2d 1126 (1979) and that the trial court abused its discretion because the crimes of which he was previously convicted did not, per se, involve testimonial dishonesty.

He also claims that admitting evidence of the prior narcotics conviction was extremely prejudicial and should not have been admitted due to its similarity to the crimes presently charged. We disagree.

■ As we pointed out in *State v. Cross*, supra, our rule differs from Rule 609(a) of the Federal Rules of Evidence since, under the federal rule, conviction of a crime involving dishonesty or false statement is automatically admissible without a determination by the court that the probative value outweighs its prejudicial effect. The Arizona rule requires such a determination even if the prior conviction involved dishonesty or false statements.

The reports of the House and Senate Committees On the Judiciary and the Conference Committee can be found in Am. Jur.2d, Federal Rules of Evidence, Appendix 1, p. 169, Appendix 2, pp. 204–205, Appendix 3, pp. 231–232. These reports show that Rule 609(a) of the Federal Rules of Evidence as proposed by the Supreme Court allows the use of prior convictions to impeach if the crime is a felony, or a misdemeanor involving dishonesty or a false statement. Rule 609(a) as proposed by the House Committee On the Judiciary permits attack upon the credibility of a witness by prior conviction only if the prior crime involved dishonesty or false statement. The Senate Committee On the Judiciary agreed that only crimes involving false statement or dishonesty should be admissible to impeach a defendant but that any felony could be used to impeach other witnesses if the court found that the probative value of such evidence outweighed its prejudicial effect against the party offering that witness.

[1] His objection was sustained.

The Conference Committee adopted the Senate amendment, but made another amendment which resulted in the present federal rule. Rule ·609(a) of the Federal Rules of Evidence represents a compromise between those members of Congress who wanted to keep the traditional rule followed by the majority of state and federal courts and those members who espoused the "crimen falsi" view.

█ While the rule adopted by our state Supreme Court had somewhat blurred the compromise by applying the weighing standard of 609(a)(2) to crimes involving false statement or dishonesty, we, as do the federal courts, recognize that any felony even if it does not involve false statement or dishonesty, has probative value on the issue of the credibility of the defendant.

█ Under Rule 609(a) the trial court has wide discretion in deciding whether to exclude evidence of prior convictions because its prejudicial effect is greater than its probativeness on lack of credibility. *United States v. Prewitt*, 534 F.2d 200 (9th Cir. 1976); *United States v. Oaxaca*, 569 F.2d 518 (9th Cir. 1978). The exercise of this discretion should not be disturbed absent a clear showing of abuse. *United States v. Ortiz*, 553 F.2d 782 (2nd Cir. 1977). Prior convictions are not inadmissible per se on the issue of credibility merely because the offense involved is identical to that for which the defendant is on trial. *United States v. Oaxaca*, supra; and see *United States v. Callison*, 577 F.2d 53 (8th Cir. 1978); *United States v. Trejo–Zambrano*, 582 F.2d 460 (9th Cir. 1978).

█ Impeaching the defendant's credibility was of considerable significance to the state due to defendant's testimony that he had never seen the undercover agent before. Where the direct conflict of testimony between the undercover agent and the defendant is of such paramount importance, the jury should have before it all information which might reflect on the truthfulness of the defendant. See *United States v. Stewart*, 581 F.2d 973 (D.C.Cir. 1978). We are unable to say that the trial court abused its discretion in determining that the state had discharged its burden. If we were to hold that there had been an abuse of discretion, we would effectively deny the trial court any discretion to perform the balancing of probative value against prejudicial effect which Rule 609 necessitates.

█ Appellant, citing *State v. Lopez*, 120 Ariz. 607, 587 P.2d 1184 (1978) contends the trial court erred in using a conviction which occurred after the commission of the instant offense for the purpose of enhancing punishment under A.R.S. Sec. 13–604(D). We do not agree. In *State v. Lopez*, supra, the statute at issue, A.R.S. Sec. 13–1649(A), mandated that "A person who, having been previously convicted ... commits any crime *after* such conviction, shall be punished upon conviction of such subsequent offense as follows ..." (Emphasis added) Under the above statute there must be a commission of a crime *after* the first conviction. The language of Sec. 13–604(D) states that,

"... a person who is at least eighteen years of age or who has been tried as an adult and who *stands convicted* of a class 2 or 3 felony, and who has been *previously convicted* of two or more felonies shall be sentenced to imprisonment for at least twice the sentence and not more than four times the sentence authorized by Sec. 13–701 for the offense for which the person currently stands convicted ..." (Emphasis added)

Clearly, the new statute is substantially different. It does not require a commission of a crime after the first conviction. All that is required is a previous conviction. The trial court did not err in sentencing the defendant under A.R.S. Sec. 13–604(D).

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.