669 P.2d 994

Joe BLANKINSHIP and Marilyn Blankinship, husband and wife, Plaintiffs/Appellants,

v.

Gilbert DUARTE and Southwest Gas Corporation, Defendants/Appellees.

No. 2 CA–CIV 4643.

Court of Appeals of Arizona, Division 2.

May 16, 1983.

Rehearing Denied June 28, 1983.

Review Denied Sept. 22, 1983.

Gaynes & Rockafellow, P.C. by Leighton H. Rockafellow, Tucson, for plaintiffs/appellants.

Stompoly & Even, P.C. by John Patrick Lyons and William G. Walker, Tucson, for defendants/appellees.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a defense verdict in a personal injury action in which appellant Joe Blankinship alleged he was assaulted by Gilbert Duarte while Duarte was employed by and acting for and on behalf of Southwest Gas Corporation (Southwest). Appellants contend the trial court erred in the admission of certain evidence and in instructing the jury. We agree and reverse.

Appellants and their family owned a trailer park in Tucson. Pursuant to a request by the Pima County Health Department, Southwest checked the gas lines in the park and found several leaks. Pima County ordered Southwest to disconnect service to the park until appellants had repaired the leaks and had the repairs inspected and approved by the proper authorities.

Appellants subsequently informed Southwest the repairs had been accomplished, inspected and approved by the City of Tucson. Southwest then turned the gas back

on. When Southwest found that these representations were untrue it offered to reinspect for leaks and if none were found, permit the system to continue until the appropriate permits and inspections had been obtained from the city. When this offer was refused, Manuel Nagore, superintendent of customer service, together with three other employees of Southwest, including Gilbert Duarte, went to the park to turn off the gas. They were met by a hostile crowd of partially intoxicated and unruly park residents, including Joe Blankinship and his brother Bill. Because of the hostility of the crowd from which emanated threats of violence, Nagore called for police assistance. After the police arrived, attempts were made by Duarte to turn off the gas but they failed due to the actions of the crowd. When Duarte made a second attempt to turn off the meter an altercation between him and Joe Blankinship occurred. As a result of the altercation Joe Blankinship claimed that he suffered personal injuries and filed this lawsuit alleging assault and battery by Duarte and negligence on the part of Southwest.

Prior to the commencement of the trial appellants filed a motion in limine requesting the court to preclude appellees from using, for impeachment purposes, the fact that Joe Blankinship had a previous felony conviction for obstructing justice, assault and inciting a riot and a previous misdemeanor conviction for tax evasion (failure to pay city sales taxes). The trial court, after a hearing, denied the motion and the convictions were used at trial.

■ Appellants contend the trial court erred in allowing the use of the misdemeanor conviction because the probative value was far outweighed by the danger of unfair prejudice. We do not agree. Rule 609(a)(2), Arizona Rules of Evidence, 17A A.R.S., authorizes the admission, for impeachment purposes, of a misdemeanor conviction which involves dishonesty and false statement. A conviction for tax evasion involves dishonesty and false statement. See *United States v. Gellman,* 677 F.2d 65 (11th Cir.1982); *United States v.*

*Klein,* 438 F.Supp. 485 (S.D.N.Y.1977). The decision on whether to admit evidence of a prior conviction for impeachment purposes is left to the sound discretion of the trial judge. *State v. Noble,* 126 Ariz. 41, 612 P.2d 497 (1980). The trial court has wide discretion in deciding whether to exclude evidence of prior convictions because its prejudicial effect is greater than the probativeness on lack of credibility, and the exercise of this discretion should not be disturbed absent a clear showing of abuse. *State v. Dixon,* 126 Ariz. 613, 617 P.2d 779 (App.1980). The trial court did not abuse its discretion in admitting the evidence.

The evidence of the felony conviction presents other problems. Rule 609(b) provides, inter alia:

"Evidence of a conviction under this rule is not admissible *if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction,* whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect...." (Emphasis added.)

Rule 609(c) is also relevant to this issue. It provides:

"Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure *based on a finding of the rehabilitation of the person convicted* and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure *based on a finding of innocence.*" (Emphasis added.)

■ On January 14, 1973, an order was entered by a superior court judge in the felony case pursuant to A.R.S. § 13–1744 (now A.R.S. § 13–907), setting aside Joe Blankinship's conviction for obstructing jus-

tice, assault and riot, dismissing the information which had been filed, releasing appellant from all "penalties and disabilities" resulting from the conviction and restoring his civil rights. Appellants contend that this brought into operation Rule 609(c) and that the conviction could not be used against him. We do not agree. Evidence of conviction is inadmissible only if the order was based on a finding of rehabilitation or a finding of innocence. No evidence was introduced to show the basis of the order here. Neither the statute, nor Rule 29.1, Arizona Rules of Criminal Procedure, 17 A.R.S., requires a finding of rehabilitation or innocence as a prerequisite to an order of expungement, so we cannot say that such a finding is necessarily implied in the trial court's order. Presumably a judge could enter the order as an *aid* to rehabilitation, which falls short of a finding that rehabilitation has already been accomplished. See *United States v. DiNapoli,* 557 F.2d 962 (2nd Cir.1977), cert. den. 434 U.S. 858, 98 S.Ct. 181, 54 L.Ed.2d 130.

■ We do find, however, that the time limits in Rule 609(b) prevented the use of this conviction. The rule puts a ten-year limitation on the use of a conviction unless the court determines in the interest of justice ". . . that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Our rules of evidence were adopted from the federal rules. In *United States v. Shapiro,* 565 F.2d 479 (7th Cir.1977) the court reversed a conviction because of the admission into evidence of a conviction more than ten years old when there were no "exceptional circumstances" which would justify the admission of the convictions. In so doing, it referred to the legislative history of Rule 609(b), observing that the House Committee on the Judiciary made impeachment by evidence of convictions totally inadmissible if more than ten years had elapsed since the date of the conviction or release from confinement. The Senate committee disagreed with this approach and suggested that there might be "exceptional circumstances" under which the conviction might substantially bear on the credibility of the witness. The Senate committee did note, however, that "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Notes of the Committee on the Judiciary, Sen.Rep. No. 93–1277, U.S.Code Cong. & Admin.News 1974, pp. 7051, 7062. The Senate version was essentially the version that was eventually adopted.

■ Not only does the record here not disclose any exceptional circumstances, it shows that the trial court applied improper considerations in deciding the conviction's admissibility. At the hearing, the attorney for appellees told the court that the conviction should be admitted because one of the major issues was going to be whether Mr. Blankinship was assaulted or whether he was the assailant and that there were going to be police officers who were going to testify that they saw Mr. Blankinship assault Mr. Duarte. Indeed, the evidence at trial disclosed that two police officers and Mr. Nagore saw Mr. Blankinship assault Mr. Duarte. On the other side, Mr. Blankinship introduced several witnesses who testified that they saw Mr. Duarte make an unprovoked attack with a pipe wrench or crescent wrench on Mr. Blankinship. Neither the credibility of Mr. Blankinship nor the credibility of Mr. Duarte was crucial to this case since there were eyewitnesses on both sides. What is worse is that the court, in denying the motion in limine, stated:

> "I think, although your point is well taken, I think that because of the similarity of the crime that he was convicted of what is alleged in this case, there has some probative value, and that the probative value outweighs the prejudice to the defendant."

It is evident that the trial court lost sight of the purpose for admitting a conviction under Rule 609. If admissible it was not admissible substantively to prove that he was the assailant in this case, but was admissible on the issue of his truthfulness. As observed by the court in *United States v. Shapiro,* supra:

"In exercising his discretion on admission of such evidence, the trial judge must consider several factors, most importantly the danger of unfair prejudice. When the prior conviction and the charged act are of a similar nature, the danger increases. The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary. [citations omitted.]" 565 F.2d at 481.

Not only did the trial court misconceive the basis for the introduction of such evidence, but the attorney for appellees, without objection on appellants' part, misused this evidence in his closing argument when he said:

"But the fact of the matter is he's a convicted felon and he was convicted for inciting a riot. And the particular incident that we're discussion [sic] in this case is a situation that's very close to a riot.

And I don't say that that means automatically he's guilty and that if a man admits a felony act that he should be branded for his whole life.

But I suggest to you it is something that you have a right to consider and it is something you should consider and it's something you have an obligation to consider and it's something that has a place in this case."

■ There can be no doubt that the admission of this felony conviction was reversible error in this case. Appellees argue that this error was waived because appellants did not object to the testimony when it was offered at trial. We do not agree. A properly made motion in limine will preserve appellants' objection on appeal without need for further objection if it contains specific grounds for the objection. *State v. Briggs,* 112 Ariz. 379, 542 P.2d 804 (1975). The motion in limine here was properly made and specific in its grounds for objection. But this was not the only error in the case.

■ During the trial appellants moved in limine to exclude evidence that Gilbert Duarte was a peaceful man. Appellees convinced the trial court that since there was a question as to who was the aggressor in this case, such evidence was admissible. While such evidence was once admissible in Arizona in a civil case, see *Mong Ming Club v. Tang,* 77 Ariz. 63, 266 P.2d 1091 (1954), it is not now.

Our Rule 404(a), Arizona Rules of Evidence, 17A A.R.S., states:

"Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor; . . ."

As can be seen from the language itself, the rule only applies in criminal cases. This was observed in M. Udall & J. Livermore, Law of Evidence § 83, at 170 (2d ed. 1982): "With the exception of credibility rules discussed elsewhere, Rule 404 makes clear that circumstantial use of character is permissible only in criminal cases. . . ." (Footnotes omitted.) And in footnote 6 at 170 the authors state: ". . . The rule of *Mong Ming Club v. Tang* [citation omitted], allowing proof of the character of the victim in a civil assault suit in support of a self-defense claim apparently does not survive the enactment of the rules of evidence. . . ." See also, 2 Weinstein's Evidence ¶ 404[03], at 404–20.

The trial court erred in denying the motion in limine and allowing evidence from three witnesses as to Mr. Duarte's peaceful

nature. Appellees argue that the error was waived because Blankinship introduced evidence of his own peaceful character. We do not agree. He only did so after the trial court denied his motion in limine. Appellees also make the same argument as they did before that the error was not preserved because no objection was made when the evidence was offered. For the reasons we gave previously, there was no waiver of the error.

▇ The next error that occurred in this case was in instructing the jury on assumption of risk over appellant's objection. Generally, assumption of risk is not a defense to the intentional tort of assault and battery. *Navarre v. Ostdiek,* 518 P.2d 1362 (Colo. App.1973). The doctrine has been applied in rare situations, for example, in *Burrows v. Hawaiian Trust Co.,* 49 Haw. 351, 417 P.2d 816 (1966) where a private duty registered nurse sued an alcoholic patient who, during a bout of delirium tremens, hit her on the head with a lamp, and in *Longo v. Tabasso,* 62 Abs. 199, 106 N.E.2d 587 (Ohio App.1951), where the plaintiff had voluntarily tried to break up a fight.

▇ Here, Blankinship's witnesses, who were either his friends or tenants of the trailer park, testified that Duarte for no reason whatsoever attacked Blankinship. Appellees' witnesses, including two policemen, testified that when Duarte went to turn off the gas he was attacked by Blankinship. The defense of assumption of risk presumes that Duarte was the aggressor, thus cloaking Blankinship with the privilege of self-defense. Therefore, the contention that Blankinship assumed the consequences of the battle is nonsense. See *Jelly v. Dabney,* 581 P.2d 622 (Wyo.1978). Appellees argue that Blankinship assumed the risk because the situation was so volatile and the scene so charged with emotion that he should have known violence would erupt. We do not agree. A general knowledge of the "danger" is not sufficient, but rather, the plaintiff must have actual knowledge of the specific risk which injured him and appreciate its magnitude. *Garcia v. City of South Tucson,* 131 Ariz. 315, 640 P.2d 1117 (App.1981). The specific risk here was the risk of Duarte attacking Blankinship. There was absolutely no evidence that Blankinship knew that Duarte might attack him.

▇ Appellees contend that appellants waived the right of appellate review of the instruction on assumption of risk because they failed to move for a new trial. We do not agree. An appellant who desires a review of the legality of the instructions given need not move for a new trial. *Lewis v. Southern Pacific Co.,* 105 Ariz. 582, 469 P.2d 67 (1970).

▇ Appellants contend the trial court erred in allowing, over their objection, evidence of Duarte's truthful character. We do not agree. Rule 608, Arizona Rules of Evidence, 17A A.R.S., permits the introduction of such testimony after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. The record shows that appellants attacked Duarte's character during Duarte's cross-examination.

Appellants also contend that the trial court placed undue emphasis on the credibility of the witnesses when it gave eight instructions concerning the credibility of witnesses. We need not decide this issue in view of our disposition of this case but only point out that one instruction on the credibility of the witnesses would have been enough.

Reversed.

HATHAWAY and BIRDSALL, JJ., concur.