705 P.2d 1338

**The STATE of Arizona, Appellee,**

v.

**Philip Wolfe FIERSON, Appellant.**

**2 CA–CR 3481, 2 CA–CR 3482–2 and 2 CA–CR 3483–3.**

Court of Appeals of Arizona, Division Two, Department B.

April 26, 1985.

Reconsideration Denied June 24, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and R. Wayne Ford, Phoenix, for appellee.

Law Office of Alex A. Gaynes by Alex A. Gaynes, Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

This case involves three indictments with multiple counts. The May 10, 1983 indictment charged appellant Fierson with one count of theft over $1,000 and one count of fraudulent scheme and artifice occurring between September 9 and November 2, 1982, both arising out of the same incident. The state filed an allegation of a prior 1976 felony conviction. The July 8, 1983 indictment charged one count of fraudulent scheme and artifice and one count of theft over $100 occurring between January 22 and March 15, 1982, both arising out of the same incident. The August 17, 1983 indictment charged one count of attempted fraudulent scheme and artifice occurring between December 1980 and March 1983 and one count of perjury occurring on June 4, 1981, both arising out of the same incident. The state alleged one prior felony conviction in the July and August indictments and alleged each of the six pending

counts were prior convictions to each other. Consolidation of all cases was permitted on the basis of a common scheme or plan. Following consolidation, the charges were denominated as counts one through six.

The perjury count (count six) was dismissed upon judgment of acquittal, and the jury found Fierson guilty of all other counts. Sentence was imposed on each count as a repetitive offense with five prior convictions to be served concurrently, the longest sentence to be 15.75 years and the shortest 10 years.

Fierson alleges the following major errors by the trial court:

1. Failure to dismiss the indictments because taped evidence was destroyed and failure to give defendant's requested "Willits" instruction to the jury;

2. Failure to dismiss the counts of the indictment charging theft and fraudulent scheme and failure to direct a verdict on the theft and fraudulent scheme charges;

3. Permitting impeachment of Fierson by permitting disclosure of prior felony conviction;

4. Granting the state's motion to consolidate the three causes for trial; and

5. Finding each prior charge to be a prior conviction of every other charge for enhancement of punishment.

We reverse the trial court for failing to dismiss or direct a verdict on the two theft counts and for the use of five prior convictions to enhance the punishment and affirm the convictions for fraudulent scheme and artifice.

# I. DISMISSAL OF ACTION FOR DESTRUCTION OF EVIDENCE NOT WARRANTED AND JURY INSTRUCTION SUFFICIENT REMEDY.

Fierson argues the case should have been dismissed because an investigating officer of Department of Public Safety assigned to investigate his application for a private investigator's license taped interviews of witnesses prior to a hearing on his application. After Fierson withdrew his application at the hearing, the tapes were re-used, and only a portion of one tape remained unaltered.

There was sufficient evidence to support the trial court's finding that the destruction of the tapes was not done as a result of bad faith and connivance, and Fierson suffered no prejudice. Fierson did have access to the investigator and his written reports. The witnesses' interviews were conducted solely for an investigation for Fierson's application for a private investigator's license, an administrative proceeding and not a criminal action. In any event, the jury instruction given pursuant to *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964), was adequate and afforded Fierson the opportunity to argue, and he did, that the destruction could create a reasonable doubt as to his guilt. There is a difference between the destruction of physical evidence used in the commission of a crime and the destruction of statements by witnesses who are available for examination and cross-examination. The loss of physical evidence as in *State v. Hannah*, 120 Ariz. 1, 583 P.2d 888 (1978), with a clear showing of prejudice requires dismissal, but in this case Fierson failed to establish the requisite prejudice to entitle him to a dismissal.

# II. PRIOR FELONY CONVICTIONS PROPERLY USED FOR IMPEACHMENT EVEN THOUGH CIVIL RIGHTS RESTORED.

In 1976 Fierson was convicted of attempted receiving or buying stolen property. On May 23, 1979, the judgment was set aside and his civil rights restored. The trial court found that the relevancy and materiality of the conviction outweighed its prejudicial effect. The decision to admit evidence of a prior conviction for impeachment is left to the sound discretion of the trial judge, *State v. Noble*, 126 Ariz. 41, 612 P.2d 497 (1980), and the exercise of this discretion should not be disturbed absent a clear showing of abuse. *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App.1980); Rule 609(a), Rules of Evidence, 16 A.R.S. Fierson claims that his restoration of civil

rights prohibited impeachment by proof of a prior conviction. Our court has carefully analyzed the effect of an order pursuant to A.R.S. § 13-907 dismissing a judgment of conviction and restoring civil rights upon the operation of Rule 609(c), Rules of Evidence, 16 A.R.S., limiting use of conviction for impeachment under certain circumstances. In *Blankinship v. Duarte*, 137 Ariz. 217, 669 P.2d 994 (1983), this court of appeals held that the evidence of conviction was inadmissible only if the order restoring civil rights was based on a finding of rehabilitation or a finding of innocence, and the finding must be explicit and not implied. There was no evidence before the trial court to show that the order of restoration of rights was made upon an explicit finding of rehabilitation or innocence.

## III. CONSOLIDATION PROPER WHEN OFFENSES ARE PART OF A COMMON SCHEME AND PLAN.

Fierson's conduct leading to the charges in all three indictments was identical. After vehicular accidents on three separate occasions (not planned by defendant), he claimed guard dogs used in his security business were either injured or killed. The procedure used to defraud the insurance companies responsible for payment of his claims was the same. Evidence during the trial showed his claims were false and that he was paid for some dogs that lived and others that were not injured.

■ Consolidation is within the trial court's sound discretion. *State v. Kinkade*, 140 Ariz. 91, 680 P.2d 801 (1984). Under the circumstances of this case, there was no abuse of discretion, and further, Fierson has failed to show that he suffered any prejudice from the consolidation. *State v. Cruz*, 137 Ariz. 541, 672 P.2d 470 (1983).

■ Fierson's argument that consolidation allowed evidence of multiple offenses is not well taken. Rule 404(b), Rules of Evidence, 17A A.R.S., allows evidence of other crimes to prove intent, plan, knowledge, or absence of mistake or accident. Fierson was charged with fraudulent plan and scheme, and even without consolidation, evidence of the other offenses could

have been admitted at each separate trial. *State v. Hanson*, 138 Ariz. 296, 674 P.2d 850 (1983).

## IV. ARIZONA REVISED STATUTE § 13-1802(A)(3) REQUIRES PROOF OF RELIANCE BY VICTIM.

Fierson's motion for directed verdict or dismissal on the counts of theft pursuant to § 13-1802(A)(3), obtaining property of another by means of any material misrepresentation with intent to deprive him of such property, should have been granted. The releases prepared by the insurance companies for execution by Fierson upon payment of his claims for the injured and dead dogs clearly indicate the lack of reliance by the insurance companies on Fierson's representations.

Briefly stated and paraphrased, the releases contain provisions which state the following:

1. An understanding and agreement that the settlement was a compromise of a doubtful and disputed claim;

2. Payment was made merely to avoid litigation and to buy peace;

3. The insurance company relied solely upon its judgment, belief and knowledge of the nature, extent and duration of the injuries; and

4. Payment was made without reliance upon any statement or representations of the parties.

■ One of the elements of grand theft by false pretenses is the existence of reliance. The victim must have parted with his money in reliance upon a false representation. *State v. Jahns*, 133 Ariz. 562, 565, 653 P.2d 19, 21 (1982), quoting *State v. Mills*, 96 Ariz. 377 at 381, 396 P.2d 5 at 8 (1964). The false representation must, in addition, be the decisive influence operating upon the mind of the person to induce the giving up of money. *State v. Brown*, 97 Ariz. 310, 315, 400 P.2d 111, 114 (1965).

■ In addition to the statements appearing in the releases, the testimony of the claims agents indicated that they did

not rely on any representations by Fierson in settling the claims; therefore, the convictions for false pretenses must be set aside.

An examination of the criminal statutes covering Fierson's conduct supports our ruling and our view of their applicability to a fraudulent insurance claim. The state could have, but did not, charge Fierson with violation of A.R.S. § 44–1220, fraudulent insurance claim. The prosecutor has the sole discretion to decide which offense to charge. *State v. Patton*, 136 Ariz. 243, 665 P.2d 587 (1983). The gravamen of that offense is the intent to defraud, and there is no requirement that the misrepresentation be material. *State v. Galioto*, 126 Ariz. 188, 613 P.2d 852 (1980).

■ On the other hand, the indictment did charge violation of A.R.S. § 13–2310, fraudulent scheme and artifice, which eliminates in section (B) reliance as a defense. It is for this reason Fierson's convictions for violation of § 13–2310(A) are affirmed, reliance not being a necessary element of the offense.

## V. SENTENCES IMPOSED IMPROPER AND HEREIN CORRECTED.

The trial court imposed sentences on the five convictions and designated each sentence as repetitive with five prior convictions. The priors used by the trial court were the use of Fierson's admitted 1976 conviction and four of the five convictions based on authority of § 13–604(H) and *State v. Hannah*, supra.

■ Fierson contends § 13–604(H) prohibits the use of convictions committed on the same occasion as prior convictions to each other for sentence enhancement. He is correct. However, in view of our reversal of the two convictions for theft which covered the same conduct as two of the counts for fraudulent scheme and artifice, Fierson now stands convicted in this case of two counts of fraudulent scheme and one of attempted fraudulent scheme, all committed on separate occasions. Applying the rule in *State v. Diaz*, 142 Ariz. 136, 688 P.2d 1011 (1984), so that a defendant is not penalized over and above what he would receive if the offenses had been tried separately, we find the following and amend his sentences accordingly:

1. The 1976 admitted felony conviction is a prior to all three convictions;

2. The conviction on Count Two is a prior to Counts Three and Five; therefore, Count Two, fraudulent scheme, a class 2 felony, with one prior is modified to 10.5 years;

3. The sentence on Count Three, fraudulent scheme, with two or more priors remains at 15.75 years; and

4. The sentence on Count Five, attempted fraudulent scheme, with two or more priors remains at 11.25 years.

All of the above are to run concurrently.

■ Fierson claimed the trial court erred by precluding cross-examination for impeachment of a prosecution witness based on a misdemeanor conviction; by permitting an amendment to the indictment to correctly classify the offense of attempted fraudulent scheme and artifice from a class 5 felony to a class 3 felony; and by failing to release defendant on bond pending appeal. All of Fierson's contentions and arguments have been reviewed and are not supported by the record and/or lack any merit whatsoever, and the action of the trial court in these matters is affirmed.

AFFIRMED IN PART, REVERSED IN PART AND SENTENCE MODIFIED.

HATHAWAY, P.J., and LIVERMORE, J., concur.