797 P.2d 720

**STATE of Arizona, Appellant,**

v.

**Ross BUONAFEDE, Appellee.**

**No. 1 CA–CR 89–598.**

Court of Appeals of Arizona, Division 1, Department A.

May 1, 1990.

Review Granted Oct. 9, 1990.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

O. Joseph Chornenky, Phoenix, for appellee.

## OPINION

EHRLICH, Judge.

The state appeals from the trial court's order finding Ross Buonafede to have been rehabilitated. We find that the trial court acted within its discretion and affirm its judgment.

Buonafede was convicted of two counts of sale of a narcotic drug in May, 1982. He was sentenced to five years probation. Buonafede apparently was a model probationer and his probation officer therefore requested that Buonafede's probation be terminated early. On December 24, 1984, the court terminated Buonafede's probation. On February 1, 1985, it entered an order vacating the judgment of guilt, dismissing the charges and restoring Buonafede's civil rights.

On December 29, 1988, Buonafede filed a second "Application to Set Aside Judgment of Guilt, Dismiss Charges and Restore Defendant's Civil Rights" in which he requested that the trial court make a specific finding of rehabilitation. The trial court denied the application on the grounds that the previous order had restored Buonafede's civil rights, and that it had no power to issue an order finding him to have been rehabilitated.

Buonafede filed a motion for reconsideration. The trial court granted the motion and in its order specifically found that Buonafede had been rehabilitated. The state appealed this order.

The state argues that a trial court has no authority to issue a "certificate of rehabilitation," and that the order in this case was an attempt to issue such a certificate. We find that the trial court's order simply made explicit an earlier implicit finding of rehabilitation.

■ The trial court has the power to make explicit a finding implicit in a previous order. *See State v. Johnson*, 113 Ariz. 506, 509, 557 P.2d 1063, 1066 (1976) (court properly modified *nunc pro tunc* order to reflect that dismissal was without prejudice to conform to court's original intent). In this case, the trial court terminated Buonafede's probation early. A court may termi-

nate probation only "if the defendant's conduct is such as to indicate rehabilitation. Rehabilitation is the purpose of probation." *State v. Moore*, 149 Ariz. 176, 177, 717 P.2d 480, 481 (App.1986), citing *State v. Hennessy*, 13 Ariz.App. 546, 547, 479 P.2d 194, 195 (1971). In terminating Buonafede's probation early, the trial court thus must have found Buonafede to have been rehabilitated. Shortly thereafter, Buonafede's civil rights were restored.

■ Years later, Buonafede requested that the trial court make an explicit finding of rehabilitation in connection with a second application for the restoration of his civil rights. The trial court has the power to restore a defendant's civil rights based on reasons which, in the discretion of the trial court, support the restoration of such rights, including a finding of rehabilitation. A.R.S. § 13–908. Unlike cases of early termination of probation, an order restoring a defendant's rights is not necessarily based on a finding of rehabilitation. *State v. Fierson*, 146 Ariz. 287, 290, 705 P.2d 1338, 1341 (App.1985); *Blankinship v. Duarte*, 137 Ariz. 217, 220, 669 P.2d 994, 997 (App. 1983). Indeed, restoration of civil rights is automatic for first offenders. A.R.S. § 13–912. However, the court has the power to base its restoration of a defendant's civil rights on a finding of rehabilitation, and the court has the power to make such a finding explicit. Clearly that is what the trial court intended to do in this case given the restoration of Buonafede's civil rights only a few weeks after the termination of his probation premised on his rehabilitation.

Although the state argues that the trial court has no inherent power to issue a "certificate of rehabilitation," this is not a case when the request for a finding of rehabilitation was unconnected to an application for the restoration of the defendant's rights. We express no opinion on whether a trial court has the right to make a finding of rehabilitation unconnected to an early termination of probation or to an exercise of its statutory power to restore a defendant's civil rights. In this case, the record supports the trial court's finding of

rehabilitation, and the trial court had the authority and discretion to make such a finding.

We need not and do not address whether the finding of rehabilitation in this case is an "equivalent procedure" for purposes of determining the possible admissibility into evidence of Buonafede's conviction under Rule 609(c), Arizona Rules of Evidence. *Cf. State v. Tyler*, 149 Ariz. 312, 315, 718 P.2d 214, 217 (App.1986) (early termination of probation not by itself equivalent procedure to certificate of rehabilitation, citing *Blankinship*, 137 Ariz. at 220, 669 P.2d at 997). In the event of future litigation, such a determination shall be left to the court should a party seek to impeach Buonafede's testimony with his conviction. *See United States v. Thorne*, 547 F.2d 56, 59 (8th Cir.1976) (trial court has discretion to refuse to allow impeachment with prior felony based on finding that witness has been rehabilitated); *Fierson*, 146 Ariz. at 289–90, 705 P.2d at 1340–41 (same).

For the foregoing reasons, we affirm the judgment of the trial court.

CLABORNE, P.J., and KLEINSCHMIDT, J., concur.