814 P.2d 1381

**STATE of Arizona, Appellant,**

v.

**Ross BUONAFEDE, Appellee.**

**No. CR–90–0155–PR.**

Supreme Court of Arizona,
En Banc.

June 25, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Jr., former Maricopa County Deputy Atty., Phoenix, for appellant.

Law Offices of O. Joseph Chornenky by O. Joseph Chornenky, Phoenix, for appellee.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

Ross Buonafede (Buonafede) pled guilty to two felonies and received probation. Af-

ter early termination of his probation, he applied for and received restoration of his civil rights. Some years later, he petitioned the trial court for a "finding of rehabilitation." After initially denying the request for lack of jurisdiction, the trial court reversed itself and entered a finding of rehabilitation. The court of appeals affirmed. We granted the state's petition for review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24. Because we conclude that the trial court exceeded its jurisdiction in considering the petition and in making a finding of rehabilitation, we reverse.

## FACTS

In 1982, Buonafede was placed on five years probation for two felony convictions for sale of narcotic drugs. In 1984, his probation was terminated early at his probation officer's request. Immediately thereafter, Buonafede filed an "Application to Vacate Judgment of Guilt, Dismiss Charges and Restore Civil Rights" with the superior court. The superior court granted his application and entered appropriate orders restoring his civil rights.

In December 1988, four years after filing his first application, Buonafede filed yet another application entitled "Application to Set Aside Judgment of Guilt, Dismiss Charges and Restore Civil Rights." This second application specifically requested the trial court to make a factual finding that Buonafede had been rehabilitated. In response, the state contended that the trial court had no jurisdiction to issue a finding of rehabilitation. The state did not contend, nor does it contend here, that Buonafede is not, in fact, rehabilitated.

The trial court initially denied Buonafede's second application, noting that the 1985 order had already vacated the judgment of guilt, dismissed the charges, and restored Buonafede's civil rights. The trial court held that Buonafede's request for a finding of rehabilitation was unsupported by any legal authority. Following a motion to reconsider, however, the trial court re-

versed itself and entered a minute order, in part, as follows:

Based upon A.R.S. § 13–905, Rule 609, Arizona Rules of Evidence, *State v. Fierson*, 146 Ariz. 287, 290 [705 P.2d 1338] (App.1985), and *United States v. Thorne*, 547 F.2d 56 (8th Cir.1976), and uncontested evidence offered in support of the Defendant's rehabilitation, and good cause appearing,

IT IS ORDERED granting the Defendant's Motion to Reconsider and vacating Nunc Pro Tunc the last paragraph of the March 8, 1989, Order of this Court denying the defendant's request for a finding of rehabilitation.

IT IS FURTHER ORDERED that the Defendant has been rehabilitated. The above cited authority and evidence supports this finding.

The court of appeals affirmed, holding that the trial court's order "simply made explicit an earlier implicit finding of rehabilitation." *State v. Buonafede*, 165 Ariz. 181, 182, 797 P.2d 720, 721 (App.1990).

It reasoned that the trial court must have found that Buonafede was rehabilitated when it terminated his probation early. *Id.* at 182, 797 P.2d at 721. It then concluded that "the [trial] court has the power to base its restoration of a defendant's civil rights on a finding of rehabilitation, and the [trial] court has the power to make such a finding explicit." *Id.* In response to the state's contention that the trial court had no inherent power to consider an application for a "certificate of rehabilitation," the court of appeals stated, in effect, that this particular application was connected to an application for the restoration of civil rights, *id.*, and was, therefore, a proper subject of the trial court's jurisdiction. We granted review because of our concern about the correctness of the court of appeals' opinion and its potential impact upon Arizona's court system.

## QUESTION PRESENTED

The petition states the question as: "Is there any legal authority for a trial court to issue a 'Certificate of Rehabilitation' for

a person who has been convicted of a felony?"

## DISCUSSION

As previously noted, the trial court cited A.R.S. § 13–905, Rule 609(c) of the Arizona Rules of Evidence, *State v. Fierson,* 146 Ariz. 287, 705 P.2d 1338 (1985), and *United States v. Thorne,* 547 F.2d 56 (8th Cir. 1976), as authority for its jurisdiction to find that Buonafede had been rehabilitated. On appeal, Buonafede argued, and the court of appeals may have accepted, the proposition that the trial court had inherent power to make a finding of rehabilitation. We shall examine each of these alleged sources of jurisdiction to determine whether they in fact authorize the trial court's order.

### A. A.R.S. § 13–905 and Inherent Powers

Under Arizona law most first-time felony offenders are entitled to an automatic restoration of their civil rights upon completion of probation or sentence. A.R.S. § 13–912. A person convicted of two or more felonies, such as Buonafede, may apply for a discretionary restoration of civil rights under A.R.S. §§ 13–905 and 13–908. The Arizona statutes do not expressly authorize an application for a finding of rehabilitation. Buonafede argued in the court of appeals that Article 6, Section 14 of the Arizona Constitution gives the trial court "such inherent power as may be necessary to give force and effect" to A.R.S. § 13–905's legislative grant of power to restore civil rights to repeat felons. The court of appeals concluded that the trial court had the power to find explicitly that Buonafede had been rehabilitated. *Buonafede,* 165 Ariz. at 182, 797 P.2d at 721.

■ Restoration of civil rights is a creature of statute. *State v. Grant,* 112 Ariz. 270, 540 P.2d 1251 (1975) (adopting the court of appeals' opinion in *State v. Grant,* 24 Ariz.App. 201, 537 P.2d 38 (1975)). Because our statutes and constitution do not expressly grant a trial court jurisdiction to find a defendant rehabilitated, the trial court exceeded its jurisdiction unless, as Buonafede argues, the trial court has inherent power to make such a finding of rehabilitation.

In *State ex rel. Andrews v. Superior Court,* we articulated the distinction between a court's jurisdiction and its inherent powers. 39 Ariz. 242, 5 P.2d 192 (1931). Our statutes and constitution confer express powers and jurisdiction, while inherent powers are "such powers as are necessary to the ordinary and efficient exercise of jurisdiction." *Id.* at 247–48, 5 P.2d at 194–95. Some examples of inherent powers are:

> the power to maintain order; to secure the attendance of witnesses; to enforce process; the arrangement for proper place and conveniences for the meeting of the court—*all these powers must inhere in every court, or the purpose of its creation fails,* and such being the case, they need not be given expressly by the constitution or statute, and cannot be taken away by the latter.

*Id.* at 248, 5 P.2d at 195 (emphasis added).

■ As a repeat offender, Buonafede's original request for restoration of his civil rights was entrusted to the trial judge's sound discretion. *See* A.R.S. § 13–908. No finding of rehabilitation was made or requested. The court of appeals correctly held that a finding of rehabilitation was unnecessary to the restoration of civil rights. *See State v. Fierson,* 146 Ariz. 287, 290, 705 P.2d 1338, 1341 (App.1985); *Blankinship v. Duarte,* 137 Ariz. 217, 220, 669 P.2d 994, 997 (App.1983). Indeed, had Buonafede been a first-time offender, the restoration of his civil rights would have been required even if the trial court did not believe him to be rehabilitated. *See* A.R.S. § 13–912. Accordingly, we reject Buonafede's contention that the trial court had inherent power to make a separate finding of rehabilitation.

Although we think it immaterial to a resolution of this case, we disagree with the court of appeals' finding that Buonafede's request for a finding of rehabilitation was connected to an application for restoration of his civil rights. Notwithstanding the title of Buonafede's second

application, the trial court had already granted all the relief suggested by the title some four years earlier. The second application presented one issue and sought one type of relief—a "finding of rehabilitation." The trial court had already exercised its jurisdiction and restored defendant's civil rights years earlier, in an order that all parties concede did not depend on a finding of rehabilitation.

## B. Case Law

■ Buonafede also argues that existing case law establishes the authority of Arizona courts to issue a finding of rehabilitation. We disagree. In *State v. Fierson,* one of the cases Buonafede relies upon, the prosecution sought to impeach the defendant with a prior conviction. 146 Ariz. at 289–90, 705 P.2d at 1340–41. Fierson contended that an order dismissing the prior judgment of conviction and restoring his civil rights pursuant to A.R.S. § 13–907 precluded the use of the prior conviction to impeach him under Rule of Evidence 609(c). *Fierson,* 146 Ariz. at 289–90, 705 P.2d at 1340–41. The court of appeals, relying on *Blankinship v. Duarte,* 137 Ariz. 217, 669 P.2d 994 (App.1983), rejected this argument, holding that under Rule 609(c) only an order based on an explicit finding of rehabilitation or innocence would preclude use of the prior conviction to impeach. *Fierson,* 146 Ariz. at 289–90, 705 P.2d at 1340–41. *Fierson* and *Blankinship* hold only that orders restoring civil rights that are not explicitly based on a finding of rehabilitation or innocence do not preclude use of prior convictions to impeach under Rule 609(c). The plain language of Rule 609(c) mandates the results in *Fierson* and *Blankinship.*

Another case the trial court cited and Buonafede relies upon here is *United States v. Thorne,* which we find inapposite. In *Thorne,* the defense sought to impeach a prosecution witness with three felony convictions. 547 F.2d at 58. The court found that the witness had been rehabilitated and precluded use of the convictions as impeachment under Federal Rule of Evidence 609(c). *Thorne,* 547 F.2d at 58.

*Thorne, Fierson* and *Blankinship* all involve only rulings on admissibility of potentially impeaching testimony. None considered whether a state trial court has independent authority to entertain a petition seeking a separate finding of rehabilitation. None of the cases Buonafede cites holds that a separate finding of rehabilitation is within the trial court's jurisdiction and we have found no such case.

## C. Rule 609(c)

With respect to impeachment by a prior conviction, Rule 609(c), Rules of Evidence, cited by the trial court, provides in part:

Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted....

■ The Arizona Rules of Evidence are judicially-adopted rules that govern the admissibility of evidence. As such, they are procedural rules, *State ex rel. Collins v. Seidel,* 142 Ariz. 587, 590, 691 P.2d 678, 681 (1984), and do not confer substantive rights. *See Daou v. Harris,* 139 Ariz. 353, 358, 678 P.2d 934, 939 (1984) (substantive law creates and defines rights; procedural law prescribes method by which substantive law is enforced). The language in our Rule 609(c) is identical to Federal Rule 609(c), from which it was adopted.

■ Buonafede argues that Rule 609(c) "contemplates" that trial courts may issue certificates or findings of rehabilitation. To a certain extent, Buonafede is correct. The Rules of Evidence, however, are intended to guide Arizona courts in evidentiary matters, not to establish substantive rights in Arizona. If a court in *another* jurisdiction, pursuant to legislative authorization in that jurisdiction, *see, e.g.,* Cal.Penal Code § 4852.01 (West 1982), issues a certificate of rehabilitation to a person based on a finding of rehabilitation, then Arizona Rule 609(c) would preclude impeaching that person with the underlying conviction in an Arizona proceeding. *See United States v. Ferguson,* 776 F.2d 217,

222 (8th Cir.1985) ("Certificate of Expungement" sufficient under Federal Rule 609(c) to bar impeachment); *United States v. Trejo–Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978) (existence of certificate vacating conviction under 18 U.S.C. § 5021(b) rendered conviction inadmissible for impeachment purposes).

## CONCLUSION

Undoubtedly many convicted felons would like to have a judicial certificate of rehabilitation in addition to the statutory restoration of their civil rights. Similarly, many other persons, such as prosecutors, defense counsel, and litigants, would like to have such judicial certificates, particularly if they plan to use a convicted felon as a witness. Absent legislative authorization, however, the courts of this state should not become involved in the business of adjudicating or declaring rehabilitation. Our legislature has provided a comprehensive statutory scheme for the automatic restoration of civil rights to first-time felons and for discretionary restoration of civil rights to all other felons. The legislature has not gone into the field of certificates of rehabilitation. We acknowledge that in some cases involving repeat offenders a defendant's rehabilitation or lack thereof may properly influence the discretionary decision of whether to restore civil rights. In those cases, a trial court could properly set forth its findings with respect to the issue of rehabilitation if such findings are helpful in explanation of its ruling. That fact does not, however, confer independent jurisdiction on Arizona courts to issue findings of rehabilitation any more than it confers independent jurisdiction to issue findings of non-rehabilitation.

Because we conclude that the trial court exceeded its jurisdiction in considering the application for a finding of rehabilitation, we do not consider the validity of the court of appeals' assertion that early termination of probation necessarily implies rehabilitation. The trial court's finding that Buonafede had been rehabilitated exceeded its jurisdiction. We vacate the court of appeals' opinion and remand to the trial court for dismissal.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.