822 P.2d 487

**ROCKING K HOLDINGS, LTD., an Arizona limited partnership, and Rincon Valley Holdings, Ltd., an Arizona limited partnership, Plaintiffs/Appellants,**

**v.**

**PIMA COUNTY, a body politic of the State of Arizona; Daniel Eckstrom, Raul Grijalva, Greg Lunn, Ed Moore, and Reg Morrison, in their capacities as members of and constituting the Pima County Board of Supervisors; Jane S. Williams, in her capacity as Clerk of the Pima County Board of Supervisors;**

Larry Bahill, in his capacity as Director of Elections for Pima County; Mike Boyd, in his capacity as Pima County Recorder; Rincon Valley Coalition, Inc., an Arizona corporation; Kenneth A. Lauter and Judith L. Lauter, individually and as husband and wife; Ron Bernee, an individual; Sharon Bronson, an individual; and Benjamin Watkins and Mary Schanz, husband and wife, Defendants/Appellees.

No. 2 CA–CV 91–0194.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 2, 1991.

Review Denied Jan. 21, 1992.*

Streich Lang, P.A. by Jeffrey Willis and Elizabeth Newlin Taylor, Tucson, for plaintiffs/appellants.

Stephen D. Neely, Pima County Atty. by Christopher L. Straub, Tucson, for defendants/appellees Pima County, Eckstrom, Grijalva, Lunn, Moore, Morrison, Williams, Bahill and Boyd.

Donald E. Gabriel and Anne Graham–Bergin, Tucson, for defendants/appellees Rincon Valley Coalition, Lauter, Bernee, Bronson, Watkins and Schanz.

## OPINION

LACAGNINA, Judge.

This appeal is from a judgment arising from an attempt by the Rincon Valley Coalition to refer for public vote a Pima County ordinance adopting Rocking K No. 2 Specific Plan for multi-use zoning of approximately 4,450 acres in Pima County.

Rocking K Holdings, Ltd. and Rincon Valley Holdings, Ltd. argue on appeal that the November 5, 1991 referendum election should be permanently enjoined because the attachments to the referendum petition are insufficient, the election was not properly noticed, the method used to verify signatures of the random samples was improper, and because five paid circulators were not qualified electors, the signatures they obtained were void and should not be counted.

* Feldman, C.J., of the Supreme Court, recused himself and did not participate in the determi-nation of this matter.

We decide this appeal on a single issue, that Bruce C. Wright, Carolyn McNamara and Melissa Eve Peterson were not qualified electors. We reverse the trial court's finding and judgment to the contrary.

■ Regarding Bruce Wright, the trial court erroneously found that

39. Although Bruce Wright was convicted of two felonies, because they occurred simultaneously, he is eligible for automatic restoration of his civil rights under A.R.S. 13–912 and did not have to apply for restoration of his civil rights under A.R.S. 13–906.

Wright was convicted on January 27, 1975, of two felonies, one for possession of marijuana and another for sale of a dangerous drug. Having been convicted of two felonies, he must make an application pursuant to A.R.S. § 13–906 in order to restore his civil rights:

A. Upon proper application, a person who has been convicted of two or more felonies who has received an absolute discharge from imprisonment may have any civil rights which were lost or suspended by his conviction restored by the superior court judge by whom the person was sentenced or his successors in office from the county in which he was originally sentenced.

Section 13–912, A.R.S., provides for automatic restoration for first-time offenders, defined as "any person who has not previously been convicted of any other felony." The trial court erroneously reasoned that the word "previously" as used in § 13–912 must refer to convictions occurring before some point in time, namely on a date prior to the date convicted. The words "previously been convicted of any other felony" plainly mean one conviction for a single felony.

The trial court supported its reasoning for single-day conviction of multiple felonies by referring to language in A.R.S. § 13–604. That statute has no application other than in sentencing repeat offenders and expressly limits the method of counting convictions *solely for the purposes of that section.*[1]

The evidence before the trial court is identical to the facts of *State v. Buonafede,* 165 Ariz. 181, 797 P.2d 720 (App. 1990), and *State v. Buonafede,* 168 Ariz. 444, 814 P.2d 1381 (1991). In the court of appeals decision, Division One of this court stated that Buonafede was convicted of two counts of sale of a narcotic drug in May 1982, and was sentenced to five years' probation. 165 Ariz. at 182, 797 P.2d at 721. On those facts, the supreme court found:

As a repeat offender, Buonafede's original request for restoration of his civil rights was entrusted to the trial judge's sound discretion. *See* A.R.S. § 13–908. * * * Indeed, had Buonafede been a first-time offender, the restoration of his civil rights would have been required even if the trial court did not believe him to be rehabilitated. *See* A.R.S. § 13–912.

814 P.2d at 1383.

■ Although Buonafede was convicted one time in May 1982, on two counts of sale of a narcotic drug, both the court of appeals and the supreme court considered him a repeat offender, requiring an application for restoration of civil rights by a superior court judge. A.R.S. § 13–908. Wright was convicted of two felonies, and because he has not applied to the Cochise County Superior Court for restoration of his civil rights, and because no court has ordered his rights restored, he could not register to vote. A.R.S. § 16–101(5). Because he was not a qualified elector, all signatures he obtained on petitions are void. A.R.S. § 19–114.

■ Additionally, on the day they registered to vote both McNamara and Peterson had actual places of residence in Tucson. Section 16–152(A)(4), A.R.S., requires

---

1. That section provides:

H. Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

the "[c]omplete address of actual place of residence ... or such description of the location of the residence that it can be readily ascertained or identified." They could not, therefore, use 115 North Church Avenue, Tucson, the address of the Pima County Courthouse. Use of the courthouse address was false and disqualified them as electors. As circulators of the referendum petition, they are required to be qualified electors. *Direct Sellers Association v. McBrayer,* 109 Ariz. 3, 503 P.2d 951 (1972). The statute requires that individuals provide a residence address to determine the person's precinct for voting purposes and requires notification of any change of address, contemplating that individuals relocate and may not have permanent addresses. Because McNamara and Peterson had actual places of residence, even though temporary on the day they registered to vote, they were required to use those addresses.

The record contains as an exhibit, compilations by Larry Bahill, Director of Pima County Elections, stating that 20,148 valid signatures were the minimum number needed to refer the ordinance. McNamara collected 2,235 signatures, Peterson collected 1,457 signatures and Wright collected approximately 3,207, all of which were invalid. Deducting the total number of invalid signatures from the valid signatures, according to Bahill's exhibit, results in a number of valid signatures that falls below the minimum needed for the referendum to appear on the ballot, and no election can be held.

We reverse and remand for further proceedings consistent with this opinion.

Rocking K Holdings and Rincon Valley Holdings have requested attorneys' fees on appeal. The request is denied.

FERNANDEZ and HOWARD, JJ., concur.