[No. 48148-7-I.   Division One.   December 24, 2001.]

ANDREW RYUICHI NAKATANI, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*Norman R. Leopold* (of *Norman R. Leopold, P.S.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kathryn Y. Kim, Deputy*, for respondent.

COLEMAN, J. — Andrew Nakatani was convicted of robbery in 1975 and now seeks to have his right to possess a firearm restored. The trial court correctly concluded, however, that Nakatani is ineligible under RCW 9.41.040(4) to petition for reinstatement of his right to possess a firearm, and he does not currently qualify for automatic reinstatement of that right. Accordingly, we affirm.

## FACTS

In 1975, Andrew Nakatani pleaded guilty to robbery and received a five-year probationary sentence. In 1984, after fulfilling the conditions of his probation, Nakatani was allowed to withdraw his guilty plea and enter a plea of not guilty. The trial court then set aside the finding of guilt and dismissed the information against him pursuant to RCW 9.95.240.

In November 2000, Nakatani filed a petition in Superior Court for "an RCW 9.41.040/9.41.047 Certificate," in order to restore his right to possess a firearm. The trial court dismissed the petition on the ground that Nakatani was

statutorily ineligible to make the petition. The trial court's dismissal was without prejudice.

## DISCUSSION

■ This case presents an issue of statutory interpretation. This court's review is therefore de novo. *State v. Argueta*, 107 Wn. App. 532, 536, 27 P.3d 242 (2001).

RCW 9.41.040(1) prohibits anyone convicted of a felony from possessing a firearm. Notwithstanding that prohibition, RCW 9.41.040(4) contains several exceptions, including a provision that allows some felons to petition for reinstatement of their firearm rights after a statutory waiting period. These exceptions do not apply to Nakatani, however, because he was convicted of robbery and because that crime carried a maximum penalty of over 20 years when he was convicted.[1]

■■ Nakatani nevertheless argues that he is eligible for restoration of his firearm rights under RCW 9.41.040(3). That subsection provides, in relevant part: "A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted[.]" RCW 9.41.040(3). In his brief, Nakatani argues that the withdrawal of his guilty plea and the subsequent dismissal of the charges against him should be deemed a finding of rehabilitation equivalent to a certificate of rehabilitation for purposes of the above provision.

We disagree. The statute requires that such "equivalent procedure" must be based on a "finding" of either innocence or rehabilitation. RCW 9.41.040(3). *See also State v. Radan*,

---

[1] In his reply brief, Nakatani argues for the first time that the Legislature did not intend to make retrospective the 1995 addition of language in the Uniform Firearms Act, which provides that a deferred sentence is considered a conviction for purposes of the statute. This court does not consider arguments raised for the first time in a reply brief. *Axess Int'l, Ltd. v. Intercargo Ins. Co.*, 107 Wn. App. 713, 719, 30 P.3d 1 (2001) ("An issue raised and argued for the first time in a reply brief is raised too late."); *accord Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 828 P.2d 549 (1992).

143 Wn.2d 323, 330, 21 P.3d 255 (2001). *Radan* held that although the statute does not specify how explicit such a "finding" must be, it requires something more than another state's automatic restoration of a person's firearm rights after a period of time. *Radan*, 143 Wn.2d at 330. Nevertheless, the court held that a felon's early release from custody in Montana was sufficient to satisfy RCW 9.41.040(3) because such early release was authorized only where it was in the best interests of society and would not present an unreasonable risk of danger to the victim of the offense. *Radan*, 143 Wn.2d at 335 (citing MONT. CODE ANN. § 46-23-1011). Here, the only prerequisite for allowing Nakatani to withdraw his guilty plea and enter a plea of not guilty was that Nakatani "fulfilled the terms of his probation for the entire period thereof." RCW 9.95.240. This is not a finding of rehabilitation for purposes of RCW 9.41.040(3).

■ Further, Nakatani's above interpretation of RCW 9.41.040(3) conflicts with the following language of RCW 9.41.040(4):

Notwithstanding subsection (1) of this section, a person convicted of an offense prohibiting the possession of a firearm under this section other than murder, manslaughter, *robbery*, rape, indecent liberties, arson, assault, kidnapping, extortion, burglary, or violations with respect to controlled substances under RCW 69.50.401(a) and 69.50.410, who received a probationary sentence under RCW 9.95.200, and who received a dismissal of the charge under RCW 9.95.240, shall not be precluded from possession of a firearm as a result of the conviction.

(Emphasis added.) The above language shows a clear legislative intent that those convicted of robbery should be excluded from reinstatement of firearm possession rights by mere virtue of a suspended sentence and subsequent dismissal.[2] It would be unreasonable to read the previous

---

[2] At oral argument, Nakatani's attorney conceded that he was not eligible to possess a firearm automatically upon dismissal of his case, and abandoned any argument that the court made an implied finding of rehabilitation by allowing him to withdraw his guilty plea.

subsection of the statute in a way that contradicts that intent.

■ Nakatani also argues that RCW 9.41.040 conflicts with RCW 9.95.240, the statute that authorized the court to dismiss the charges against him after a probationary period. Accordingly, he asks us to apply the rule of lenity. RCW 9.95.240 provides that Nakatani was "released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." Nakatani claims this language is in conflict with the language in RCW 9.41.040 that prohibits him from possessing a firearm, and that the rule of lenity requires us to interpret the two statutes in a manner allowing Nakatani to petition to have his right to possess a firearm restored.

■ The statutes are not in conflict. RCW 9.41.040(4) makes specific reference to RCW 9.95.240 and clearly indicates a legislative intent that those convicted of some offenses, including robbery, should be barred from carrying a firearm even after dismissal of charges under RCW 9.95.240. Thus, the rule of lenity does not apply.

■ Finally, Nakatani argues that the court erred by failing to give him the opportunity for a hearing in which he could obtain a finding of rehabilitation to satisfy RCW 9.41.040(3). The trial court did not err in dismissing the petition, however, because Nakatani petitioned under RCW 9.41.040(4), and that subsection did not authorize the court to reinstate firearm possession rights for anyone convicted of a crime with a maximum sentence of 20 years or longer. RCW 9.41.040(4). Thus, the trial court correctly concluded that it did not have the authority to reinstate Nakatani's firearm possession rights under RCW 9.41.040(4).[3]

---

[3] Nothing in this opinion prohibits Nakatani from petitioning for reinstatement of his firearm possession rights, pursuant to RCW 9.41.040(3), in the event that he is granted a pardon or certificate of rehabilitation. At oral argument, the State indicated that the Legislature has not created any statutory proceeding by which one can petition for a certificate of rehabilitation and opined that this term in the

Affirmed.

Cox and APPELWICK, JJ., concur.

statute was intended to apply to convictions from other jurisdictions where such
procedures are available. Nevertheless, the authority of Washington courts to
issue such certificates is not before us in this case. We also express no opinion
regarding Nakatani's right to request an equivalent finding of rehabilitation in a
separate Superior Court proceeding. If Nakatani files such a petition, the trial
court will then be in a position to evaluate whether and under what circumstances
RCW 9.41.040(3) authorizes the court to issue certificates of rehabilitation or
make equivalent findings.