76 P.3d 769 (2003)
118 Wash.App. 464
Harry Avery SMITH, Appellant,
v.
STATE of Washington, Respondent.
No. 21366-8-III.
Court of Appeals of Washington, Division 3, Panel Eight.
September 18, 2003.
*770 Nina Roecks, Spokane, WA, for Appellant.
Andrew J. Metts and John Grasso, Deputy Prosecuting Attorneys, Spokane, WA, for Respondent.
KURTZ, J.
Harry Smith petitioned the superior court for a certificate of rehabilitation under RCW 9.41.040(3) so that his right to possess a firearm could be restored. Mr. Smith appeals the court's denial of his petition. We affirm the judgment of the superior court because the only way that Mr. Smith could have his firearm rights restored was by pardon or annulment of his conviction.

FACTS
In 1989, Harry Smith was convicted of indecent liberties after he had sexual contact with an 11-year-old neighbor boy. Mr. Smith was sentenced to 13 months in prison and required to pay financial obligations. Mr. Smith served his sentence, paid his financial obligations, and was subsequently discharged on June 27, 1991. Mr. Smith has had no other convictions.
In 1999, Mr. Smith petitioned to have his conviction for indecent liberties vacated. The petition was granted. In 2000, Mr. Smith's petition to restore his right to possess a firearm was granted. Both these orders were vacated in 2001 upon a CR 60 motion by the Spokane County Prosecutor's Office. The court decided that Mr. Smith's conviction could not be vacated and that his right to possess a firearm could not be restored under RCW 9.41.040(4). In addition, the court concluded that Mr. Smith could not have his firearm rights restored under RCW 9.41.040(3) because he: (a) remained required to register as a sex offender, (b) did not offer more evidence than that required under RCW 9.41.040(4), and (c) had not been deemed rehabilitated by the court subsequent to a fact-finding hearing.
Mr. Smith petitioned the court for relief from registering as a sex offender. In order to petition the court, Mr. Smith submitted to, and passed, a lie detector test and a psychological evaluation performed by a sex offender treatment provider. On February 21, 2002, the court granted Mr. Smith's petition, relieving him from his obligation to register as a sex offender.
Mr. Smith once again petitioned the court for a RCW 9.41.040(3) certificate of rehabilitation. Mr. Smith asked the court for a fact-finding hearing regarding whether he was rehabilitated. Once again, Mr. Smith's petition was denied. The court "found that there was a wealth of information to support the finding that Harry Smith was rehabilitated." Clerk's Papers at 33. However, the court concluded that the language contained in RCW 9.41.040(4) does not provide the court with authority to grant a certificate of rehabilitation to a person convicted of a serious crime, which includes indecent liberties. Mr. *771 Smith's motion for reconsideration was denied. Mr. Smith appeals.

ANALYSIS
Mr. Smith contends that even though he is precluded from obtaining a firearm under RCW 9.41.040(4), he is still eligible to obtain a certificate of rehabilitation under RCW 9.41.040(3) and have his firearm rights restored. The State asserts that RCW 9.41.040 specifically excludes sex offenders from ever possessing a firearm, short of legal removal of the underlying conviction.
This case presents an issue of statutory interpretation, so this court's review is de novo. State v. Argueta, 107 Wash.App. 532, 536, 27 P.3d 242 (2001). The fundamental objective of statutory construction is to ascertain and carry out the legislature's intent. Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991). If the statute is plain and unambiguous, its meaning must be derived from the statute's words alone. Id. "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable." Berger v. Sonneland, 144 Wash.2d 91, 105, 26 P.3d 257 (2001). The courts need not discern an ambiguity by imagining a variety of alternative interpretations. Id. (quoting W. Telepage, Inc. v. City of Tacoma, 140 Wash.2d 599, 608, 998 P.2d 884 (2000)).
The relevant portions of RCW 9.41.040 provide:
(1)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter.
. . . .
(3) Notwithstanding RCW 9.41.047 or any other provisions of law, as used in this chapter, a person has been "convicted", whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals. Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state. A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence. Where no record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge.
(4) Notwithstanding subsection (1) of this section, a person convicted of an offense prohibiting the possession of a firearm under this section other than murder, manslaughter, robbery, rape, indecent liberties, arson, assault, kidnapping, extortion, burglary, or violations with respect to controlled substances under RCW 69.50.401(a) and 69.50.410, who received a probationary sentence under RCW 9.95.200, and who received a dismissal of the charge under RCW 9.95.240, shall not be precluded from possession of a firearm as a result of the conviction. Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) of this section and has not previously been convicted of a sex offense prohibiting firearm ownership under subsection (1) of this section and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored[.]
Mr. Smith argues that RCW 9.41.040(3) and RCW 9.41.040(4) are separate and distinct, so an individual can petition for a certificate of *772 rehabilitation under subsection (3) notwithstanding the provisions in subsection (4).
The Attorney General's office was asked the following question: "If a person is convicted of a Class A felony, or one of the enumerated crimes listed in RCW 9.41.040(4), is there any statutory procedure for restoring such a person's right to possess a firearm?" The Attorney General responded:
From the wording of this question, we understand its meaning to be: For persons who are not eligible to petition a court for restoration of firearm possession rights because they were convicted of one or more of the crimes enumerated in RCW 9.41.040(4), is there any other procedure for regaining these rights? ... [W]e conclude that there is only one potential avenue of redress under current statutory law. That is pardon by the governor with a specific finding of rehabilitation or of innocence. As noted earlier, persons in this category are not defined as "convicted" for purposes of RCW 9.41.040 and therefore are no longer within the statute's prohibition.
4 Op. Att'y Gen. 1, 6 (2002). "Although not controlling, Attorney General opinions are given `considerable weight.'" Bates v. City of Richland, 112 Wash.App. 919, 933, 51 P.3d 816 (2002) (quoting Everett Concrete Prods., Inc. v. Dep't of Labor & Indus., 109 Wash.2d 819, 828, 748 P.2d 1112 (1988)).
In subsection (1), RCW 9.41.040 provides that it is unlawful for a person who has been convicted of a serious crime, which includes indecent liberties, to possess a firearm. In subsection (4), RCW 9.41.040 provides that people convicted of certain crimes may petition the court to have his or her right to possess a firearm restored. But, subsection (4) specifically denies this right to certain offenders. Because Mr. Smith was convicted of a sex offense, he cannot have his firearm rights restored. RCW 9.41.040(4). Finally, in subsection (3), RCW 9.41.040 provides that Mr. Smith could have his firearm rights restored only if his conviction was pardoned, annulled, or he was issued a certificate of rehabilitation or its equivalent. As currently drafted, there is no provision in Washington statutes for the issuance of a certificate of rehabilitation. Thus, the only way that Mr. Smith could have his firearm rights restored is by pardon or annulment of his conviction.
Mr. Smith is not eligible to have his firearm rights restored. The court did not err by failing to hold a hearing to issue a certificate of rehabilitation or by denying Mr. Smith's motion to restore his firearm rights.
Affirm.
WE CONCUR: BROWN, C.J., and SWEENEY, J.
SWEENEY, J., concurring.
I agree with both the analysis and the conclusion reached by the majority. I write separately simply to note that superior courts in this state are constitutional courts. WASH. CONST. art. IV, § 6. And as such, those courts have general jurisdiction over all cases and all proceedings which are not by law vested in some other forum or court. Dillenburg v. Maxwell, 70 Wash.2d 331, 351-52, 413 P.2d 940, 422 P.2d 783 (1966). Harry Smith's petition for the right to possess a firearm certainly falls within the court's jurisdiction and authority. There is, moreover, no statutory prohibition to the trial court's granting Mr. Smith a right to possess a firearm under its constitutional general jurisdiction authority. The State's argument is that this specific statute, RCW 9.41.040(3), does not authorize such a petition. My reaction is: so what? The superior court would have had the authority absent this statute to grant Mr. Smith the right to possess a firearm. But this avenue was neither briefed nor argued by the parties. And, accordingly, it would be inappropriate for us to resolve the case on those grounds. State v. Wheaton, 121 Wash.2d 347, 365, 850 P.2d 507 (1993).