91 P.3d 140 (2004)
121 Wash.App. 904
STATE of Washington, Appellant,
v.
Jason MASANGKAY, D.O.B. 8/10/84, Respondent.
No. 52096-2-I.
Court of Appeals of Washington, Division 1.
June 7, 2004.
*141 Charles Wesley Lind, Attorney at Law, Seattle, WA, for Appellant.
Jason Brett Saunders, WA Appellate Project, Seattle, WA, for Respondent.
COLEMAN, J.
Jason Masangkay pleaded guilty to robbery in the second degree and was placed in custody at a juvenile detention facility. Less than three years after his release, he decided to join the Marines. He requested and was granted a "certificate of rehabilitation" to reinstate his right to possess firearms.
We reverse the trial court because RCW 9.41.040(3), which contains the "certificate of rehabilitation" language Masangkay relies upon, cannot be reasonably interpreted as authorization for Washington courts to issue certificates of rehabilitation.

FACTS
After pleading guilty to second degree robbery in juvenile court, 14-year-old Jason Masangkay was sentenced to several months in custody. As a result of his conviction, he lost the right to possess firearms. In December 2002, when he was 18 years old and had been out of custody for almost three years, Masangkay petitioned the court to grant him a certificate of rehabilitation under RCW 9.41.040(3), so that he could regain his right to possess firearms and join the Marines. He presented evidence that he had made substantial achievements toward becoming a good student and citizen during his time out of custody.
The trial court initially decided that Washington law did not authorize it to grant Masangkay's petition, but on reconsideration, it decided that RCW 9.41.040(3) could be interpreted to permit it to issue certificates of rehabilitation. The State appealed.

ANALYSIS
This case involves statutory construction, which is reviewed de novo. Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996). The fundamental objective is to ascertain and carry out the intent of the legislature. Rozner v. City of Bellevue, 116 Wash.2d 342, 347, 804 P.2d 24 (1991). "Where statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself." Rozner, 116 Wash.2d at 347, 804 P.2d 24. When the legislature's intent is not clear from the face of the statute, the court may resort to various tools of statutory construction in determining which interpretation best advances the legislature's intent. Rozner, 116 Wash.2d at 347, 804 P.2d 24.
The question presented is whether the legislature intended RCW 9.41.040(3) to authorize Washington courts to issue a certificate of rehabilitation to allow a person convicted of certain felony crimes to regain the right to possess firearms. That statute provides:
Notwithstanding RCW 9.41.047 or any other provisions of law, as used in this chapter, a person has been "convicted", whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of *142 guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals. Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state. A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence. Where no record of the court's disposition of the charges can be found, there shall be a rebuttable presumption that the person was not convicted of the charge.
RCW 9.41.040(3) (emphasis added). This question was left unanswered by this court in Nakatani v. State, 109 Wash.App. 622, 36 P.3d 1116 (2001), which stated in a footnote,
[T]the authority of Washington courts to issue [certificates of rehabilitation] is not before us in this case. We also express no opinion regarding Nakatani's right to request an equivalent finding of rehabilitation in a separate Superior Court proceeding. If Nakatani files such a petition, the trial court will then be in a position to evaluate whether and under what circumstances RCW 9.41.040(3) authorizes the court to issue certificates of rehabilitation or make equivalent findings.
Nakatani, 109 Wash.App. at 628 n. 3, 36 P.3d 1116. While Nakatani did not expressly reject the trial court's authority to issue certificates of rehabilitation, the issue is squarely before us now.
Masangkay contends that prior Washington cases have recognized RCW 9.41.040(3) as authorizing Washington courts to consider such petitions, but the State disagrees. The State argues that RCW 9.41.040(3) does not authorize the courts to issue certificates of rehabilitation and that RCW 9.41.040(4) is the exclusive means for Masangkay to regain his firearm rights. Under that statute, Masangkay must wait at least five years following his release from custody to be eligible to regain those rights.[1]
Contrary to Masangkay's contention, no Washington case has gone as far as recognizing that RCW 9.41.040(3) has established a procedure for Washington courts to issue certificates of rehabilitation. In one case cited by Masangkay, Morris v. Blaker, 118 Wash.2d 133, 821 P.2d 482 (1992), the court merely acknowledged that the language of RCW 9.41.040(3) existed. In another case, Forster v. Pierce County, 99 Wash.App. 168, 172, 991 P.2d 687, review denied, 141 Wash.2d 1010, 10 P.3d 407 (2000), a convicted felon unsuccessfully argued that his receipt of a final discharge restoring civil rights in 1977 constituted a procedure equivalent to a finding of rehabilitation under RCW 9.41.040(3). The petitioner did not argue that the court was authorized to issue a certificate of rehabilitation, and the court never suggested that he could have petitioned for one.
In State v. Radan, 143 Wash.2d 323, 329, 21 P.3d 255 (2001), instead of addressing whether Washington had a certificate of rehabilitation procedure, the Supreme Court determined whether the "certificate of rehabilitation, or other equivalent procedure" language of RCW 9.41.040(3) could be satisfied by certain Montana procedures. Again, the court recognized the existence of the certificate of rehabilitation language in RCW 9.41.040(3), but it did not hold that a procedure to issue certificates of rehabilitation exists in Washington.
The State makes several persuasive arguments why this court should not infer from RCW 9.41.040(3) an intention on the part of *143 the legislature to create a procedure for Washington courts to issue certificates of rehabilitation. First, the legislature has adopted several statutory provisions detailing the procedure for reinstating firearm rights following a conviction or commitment for mental illness, such as RCW 9.41.040(4) and RCW 9.41.047. These provisions contain important criteria for the courts to apply when reinstating firearm rights. In contrast, subsection (3) provides courts with no guidance in determining what constitutes rehabilitation under the statute. Accordingly, courts applying this provision could potentially reach widely differing conclusions as to what constitutes rehabilitation.
Second, the absence of criteria for applying subsection (3) makes it difficult to infer an intention on the legislature's part to create such a procedure. The legislature has demonstrated its ability to craft statutes that create express procedures for restoring firearm rights. State v. Swanson, 116 Wash.App. 67, 65 P.3d 343 (2003). In Swanson, the court evaluated the various statutes that relate to restoration of firearm and other civil rights to determine the petitioner's burden of proof and whether a discretionary or mandatory standard applied to petitions submitted under RCW 9.41.040(4). Swanson, 116 Wash.App. at 73-75, 65 P.3d 343. While we reject the State's argument that the Swanson court's failure to discuss subsection (3) can be used to infer that no certificate of rehabilitation procedure exists, the Swanson decision does demonstrate the importance of including criteria for deciding when and how to issue certificates of rehabilitation. The legislature clearly has demonstrated that when it wants to, it can enact procedures for reinstating firearm rights with specific criteria. See RCW 9.41.047 (restoration of firearm rights for persons involuntarily committed for mental treatment) and RCW 9.41.040(4) (restoration of firearm rights for persons convicted of certain felonies). When compared with these statutes, the lack of criteria for issuing certificates of rehabilitation demonstrates that the legislature did not intend subsection (3) to act as a self-executing statutory authority.
This conclusion is also supported by the observation made in Radan that the language of subsection (3) was borrowed directly from ER 609(c) without a corresponding intention to create a substantive procedure. ER 609(c), which is based upon Federal Rules of Evidence 609(c), states:
(c) Effect of Pardon, Annulment, or Certificate of Rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.
Federal Rules of Evidence 609(c) refers to "certificate of rehabilitation" in the context of defining the grounds for impeachment based upon a witness's prior convictions. Certain jurisdictions, such as California and Mississippi, have statutory provisions authorizing courts to issue certificates of rehabilitation, and both the state and federal evidentiary rules appear to acknowledge their existence. Cal.Penal Code § 4852.01 (2004); Miss.Code § 97-37-5(3) (2004). This does not necessarily mean, however, that in enacting RCW 9.41.040(3), the legislature intended to create an express procedure in Washington courts to be used for reinstating firearm rights. A more reasonable conclusion is that in defining exceptions to the law prohibiting convicted felons from possessing firearms, the legislature used the evidentiary rules as a template for acknowledging the effect of existing procedures, not to create new ones. Given the source of the certificate of rehabilitation language and the lack of criteria to make this determination, it does not make sense to read subsection (3) as an intentional legislative act to create a certificate of rehabilitation procedure. For the same reasons, we decline to read subsection (3) as authorizing Washington courts to establish a procedure equivalent to a certificate of rehabilitation "based on a finding of rehabilitation." RCW 9.41.040(3).
*144 We find less persuasive the State's argument regarding the prefatory language of RCW 9.41.040(4), "Notwithstanding any other provisions of this section." The State argues that this language requires us to read subsection (4) separately from subsection (3) as requiring all convicted felons to wait the required statutory period before petitioning for reinstatement, regardless of any other statutory provision. The State claims that its reading comports with the rule of statutory construction that statutes must be interpreted and construed so that all the language used is given effect. Davis v. Dept. of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999). But the State's reading of subsection (3) ignores the substantive force of that section, particularly the provisions permitting persons with convictions that are subject to a pardon, annulment, or a certificate of rehabilitation (issued by a court that is authorized to issue them) to regain their firearm rights before the requisite waiting period had expired. Adopting the State's argument would render portions of subsection (3) meaningless. We therefore conclude that subsections (3) and (4) should be read separately, but in harmony with each other, so as not to contradict the clear terms of each.
This was the result reached in Smith v. State, 118 Wash.App. 464, 470, 76 P.3d 769 (2003), the only other Washington case to address the argument Masangkay makes here. Smith observed that "[a]s currently drafted, there is no provision in Washington statutes for the issuance of a certificate of rehabilitation." Smith, 118 Wash.App. at 471, 76 P.3d 769. The question in Smith was different than the one presented here.[2] There, the petitioner was a sex offender and therefore ineligible for reinstatement under RCW 9.41.040(4) unless he received a pardon with a specific finding of rehabilitation or innocence. But as discussed above, we agree with Smith that currently there is no provision in Washington statutes for issuance of a certificate of rehabilitation and therefore do not accept Masangkay's argument that Smith's observation on this matter was erroneous.
Masangkay urges this court in the alternative to adopt the reasoning of the concurrence in Smith, which asserted that the absence of a certificate of rehabilitation procedure should not prevent the court from exercising its general jurisdiction to grant the right to possess a firearm under the Washington Constitution. Smith, 118 Wash.App. at 470-71, 76 P.3d 769. In addition, Masangkay also argues that when the trial court granted his petition, it properly exercised its inherent powers to adopt suitable procedures under RCW 2.28.150.
When jurisdiction is otherwise conferred and no course of proceeding is specifically pointed out, RCW 2.28.150 authorizes the court to adopt any suitable process or mode of proceeding that may appear most conformable to the spirit of the laws. In re Cross, 99 Wash.2d 373, 380, 662 P.2d 828 (1983). We conclude that Cross does not support the exercise of inherent powers under circumstances such as this. In Cross, an involuntary outpatient treatment order was revoked without a showing that the detainee had violated its terms. The statute under which the order was issued required the court to find a violation before it could revoke or modify outpatient treatment. Thus, the court concluded that the court lacked jurisdiction to act and that there existed alternative proceedings authorizing the State to file a new petition before expiration of the outpatient treatment. Cross, 99 Wash.2d at 380, 662 P.2d 828.
Firearm rights restoration is a matter for which the legislature has provided the necessary statutory authority. See State v. Breazeale, 144 Wash.2d 829, 840, 31 P.3d 1155 *145 (2001) (holding that statutory authority to restrict public access to certain records existed and that courts lacked the inherent power to expunge a criminal record except when necessary to enforce constitutional guaranties). We decide that the creation of a certificate of rehabilitation procedure is a matter for the legislature to performnot the courts.[3] As seen in Cross, even if a statute does not provide for a particular procedure, if alternative procedures exist that would accomplish the same goal, resort to inherent power is not appropriate. And even assuming for the sake of argument that RCW 2.28.150 did authorize the trial court to exercise its inherent powers, doing so would clearly infringe upon the legislature's intent to prevent convicted felons from easily obtaining firearms. State v. Padilla, 95 Wash.App. 531, 534-35, 978 P.2d 1113 (1999). We also reject Masangkay's argument based upon the Washington constitution. Regulation of firearms is clearly within the State's police powers. State v. Hernandez-Mercado, 124 Wash.2d 368, 375, 879 P.2d 283 (1994). Thus, the trial court had no basis to use its equitable powers under Washington's Constitution to restore Masangkay's firearm rights.
Masangkay also presents his argument in terms of the rehabilitative goals of the Juvenile Justice Act of 1977(JJA), chapter 13.40 RCW. While the primary goal of the JJA is to rehabilitatenot punishjuveniles, State v. J.H., 96 Wash.App. 167, 183, 978 P.2d 1121 (1999), the conviction definition set forth in RCW 9.41.040(3) clearly applies the statutory prohibition to persons with both adult and juvenile convictions. If there is inconsistency between the policies behind RCW 9.41.040 and the JJA, then that is a matter for the legislature, not the courts, to resolve.
We reverse.
AGID and SCHINDLER, JJ., concur.
NOTES
[1] RCW 9.41.040(4)(b)(i) provides that a person convicted of robbery, without a previous conviction for a sex offense, may petition for reinstatement of firearm rights "after five or more consecutive years in the community without being convicted or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525." (Reviser's note omitted.)
[2] In Smith, the petitioner argued that RCW 9.41.040(3) provided an independent basis for reinstatement under the certificate of rehabilitation procedure. But the court disagreed, holding that subsection (3) was a separate means of regaining firearm rights, but that it should not be read in a manner that would infringe upon subsection (4), which permanently denied the right to possess firearms to persons convicted of certain offenses, such as sex offenses. Smith, 118 Wash.App. at 470, 76 P.3d 769. The court relied in part upon 2002 Attorney General Opinion No. 4, which advised that for persons not eligible to petition for reinstatement under RCW 9.41.040(4), the only avenue was by pardon from the governor with a specific finding of rehabilitation or innocence. Smith, 118 Wash.App. at 469, 76 P.3d 769.
[3] An Arizona case cited by the State also adopts this position. State v. Buonafede, 168 Ariz. 444, 814 P.2d 1381 (1991). In Buonafede, the court declined to adopt the petitioner's inherent authority argument, instead holding that restoration of civil rights is a creature of statute and deferring to Arizona's statutory scheme for restoring civil rights. Buonafede, 168 Ariz. at 446, 814 P.2d 1381. It also rejected the argument that the courts can interpret a reference to certificates of rehabilitation in Arizona's rules of evidence as a substantive authorization to issue such certificates. Thus, Masangkay's inherent authority argument is not supported by Washington law or that of other jurisdictions.